ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 1 1 2005
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| BRUCE WAYNE WORTHY, #912272, ) <br> Petitioner, ) <br> ) <br> v.  ) <br> ) <br> DOUGLAS DRETKE, Texas ) <br> Department of Criminal Justice, ) <br> Correctional Institutions Division, ) <br> Respondent. ) | 3:05-CV-0569-L |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently incarcerated at the Terrell Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Rosharon, Texas. Respondent is the Director of TDCJ-CID. No process has been issued in this case.

Statement of the Case: A jury convicted Petitioner of unlawful possession of a firearm by a felon and felony driving while intoxicated and found the enhancements paragraphs to be true in the 283rd Judicial District Court, Dallas County, Texas, Cause Nos. F99-02448 and F99-02449.

On December 2, 1999, punishment was assessed at twenty-five years imprisonment in each cause number.[1] (Pet. at 2). The Fifth District Court of Appeals affirmed the convictions and sentences. See Worthy v. State, No. 05-00-00072-CR, 05-00-00106-CR (Tex. App. – Dallas, Jul. 3, 2001, pet ref'd).

Petitioner concedes that he has filed one prior federal habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging the convictions at issue in this case. Worthy v. Dretke, 3:02cv1704-G, consolidated with 3:02cv1705-G (N.D. Tex., Dallas Div.). On March 19, 2004, the district court adopted the findings, conclusions and recommendation of the undersigned magistrate judge and denied the petition on the merits. The United States Court of Appeals for the Fifth Circuit denied Petitioner's request for a certificate of appeallability on October 25, 2004. See No. 04-10451.[2]

In the present petition for a writ of habeas corpus, Petitioner again seeks to challenge his convictions for unlawful possession of a firearm and for DWI. He raises two grounds of ineffective assistance of counsel, namely that defense counsel failed to object (1) to Petitioner's consent to the intoxilizer test, and (2) to Petitioner's admission of guilt on the video.

Findings and Conclusions: The instant petition is subject to the screening provisions set

---

[1] The petition contains a clerical error. It incorrectly states that Petitioner is seeking to challenge his conviction for unlawful possession of a controlled substance.

[2] On November 2, 2004, Petitioner filed a second federal petition challenging the convictions at issue in this case. Worthy v. Dretke, No. 3:04cv2367-P. On January 3, 2005, the District Court adopted the findings of the magistrate judge and dismissed the petition as unexhausted because art. 11.07 applications were pending before the Texas Court of Criminal Appeals. The findings cautioned Petitioner that a second or successive habeas petition must be certified by a panel of the Fifth Circuit Court of Appeals before it can be heard in the district court.

2

out in 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). That section provides that a second or successive habeas petition pursuant to § 2254 must be certified by a panel of the appropriate court of appeals before it can be heard in the district court. See In re Epps, 127 F.3d 364 (5th Cir. 1997); see also In re Tolliver, 97 F.3d 89, 90 (5th Cir. 1996) (addressing a similar provision applicable to second or successive motions pursuant to 28 U.S.C. § 2255). In Felker v. Turpin, 518 U.S. 651, 116 S.Ct. 2333, 2340, 135 L.Ed.2d 827 (1996), the Supreme Court observed that the amendments to § 2244 "simply transfer from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by ... Rule 9(b)."

The claims that Petitioner seeks to raise in this habeas action were available to him when he filed his initial federal petition. United States v. Orozco-Ramirez, 211 F.3d 862, 866-871 (5th Cir. 2000). They are, therefore, "second or successive" under the AEDPA. See In re Cain, 137 F.3d 234, 235 (5th Cir. 1998) (a subsequent petition is second or successive when it "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition, or otherwise constitutes an abuse of the writ.").

Unless the Fifth Circuit Court of Appeals first grants Petitioner leave to file his present petition for habeas corpus relief, this court lacks jurisdiction to consider the same. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). Therefore, this petition should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). See In re Epps, 127 F.3d at 364 (setting out the requirements for filing a

3

motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).[3]

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be

---

[3] During the last several years Petitioner has filed numerous habeas actions in this court, asserting new challenges with respect to his 1999 convictions, for which he is presently serving twenty-five-year concurrent sentences (See Nos. F99-02448 and F99-02449, 1999 convictions for unlawful possession of a firearm by a felon and DWI from the 283rd Judicial District Court of Dallas County), and with respect to prior convictions used for enhancement purposes (1978 Milam County conviction in No. 15,692; 1992 DWI conviction from 282nd Judicial District Court of Dallas County in No. F92-61018-S; and 1994 conviction for unlawful possession of a controlled substance from 282nd Judicial District Court of Dallas County in No. F94-50762).

A summary of these prior actions follows:
(1) Worthy v. Dretke, 3:05cv0216-L (challenging 1994 conviction from Dallas County) findings recommending dismissal for want of jurisdiction are pending before the district court;
(2) Worthy v. Dretke, 3:04cv2755-H (challenging 1978 conviction from Milam County) dismissed for want of jurisdiction for failing to meet the in custody requirement;
(3) Worthy v. Dretke, 3:04cv2367-P (challenging 1999 convictions from Dallas County), dismissed for failure to exhaust because state applications pursuant to art. 11.07 were pending before the Texas Court of Criminal Appeals. The findings cautioned Petitioner that a second or successive habeas petition must be certified by a panel of the Fifth Circuit Court of Appeals before it can be heard in the district court.
(4) Worthy v. Cockrell, 3:03cv1408-G (challenging 1994 conviction from Dallas County), dismissed without prejudice for failure to exhaust state court remedies on July 16, 2003.
(5) Worthy v. Cockrell, 3:03cv1409-R (challenging Hays County conviction) transferred to the Western District of Texas.
(6) Worthy v. Cockrell, 3:03cv1331-H (challenging 1992 DWI conviction from Dallas County No. F92-61018-S) dismissed for want of jurisdiction for failing to meet in custody requirement.
(7) Worthy v. Cockrell, 3:03cv1231-L (challenging 1978 conviction from Milam County) dismissed for want of jurisdiction for failing to meet in custody requirement.
(8) Worthy v. Dretke, 3:02cv1704-G, consolidated with 3:02cv1705-G (challenging 1999 convictions from Dallas County), denied on merits.

4

dismissed for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

    The Clerk will mail a copy of this recommendation to Petitioner.

Signed this _11_ day of __April__, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE

    In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.